IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

NICOLE SPANGLER,

                Plaintiff,

    v.

UNITED PARCEL SERVICE, INC.;
UNITED PARCEL SERVICE CO.;
UNITED PARCEL SERVICE GENERAL
SERVICES CO.,

                Defendants.

Civ. No. 1:22-cv-01454-AA

**OPINION & ORDER**

AIKEN, District Judge.

This personal injury case comes before the Court on a Motion to Dismiss and Motion to Strike filed by Defendants. ECF No. 14. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part. Defendants' Motion to Strike is DENIED and Defendants' Motion to Dismiss is GRANTED. Plaintiff's claims for negligence and respondeat superior liability are dismissed with leave to amend.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## BACKGROUND

This case was originally filed in the Jackson County Circuit Court on August 19, 2022 as Case No. 22CV27882. On September 27, 2022, Defendants removed the case to federal court. ECF No. 2. The facts below are derived from the original Complaint, which is attached as Exhibit A to the Notice of Removal.

Plaintiff Nichole Spangler is a resident of Josephine County, Oregon. Compl. ¶ 1.

Defendants United Parcel Service, Inc., United Parcel Service Co., and United Parcel Service General Services Co. (collectively "UPS") are foreign corporations headquartered in Atlanta, Georgia and authorized to conduct business in Oregon. Compl. ¶¶ 2-3. Defendants are in the transportation and logistics industry and maintain facilities, shipping hubs, drivers, and other employees throughout Oregon, including in Douglas County, Oregon. *Id*. at ¶ 3.

Plaintiff alleges that UPS employees have been involved in a number of "active

shooter events" arounds the country. Compl. ¶¶ 6-7. The Complaint gives four examples of such incidents between 2014 and 2020. *Id.* at ¶ 7.

UPS hired Kenneth Ayers to work as a truck driver based out of the UPS facility in Roseburg, Oregon. Compl. ¶ 8. Ayers was assigned to drive a truck on a north-south route on Interstate 5. *Id.* "While driving for UPS and in furtherance of UPS's business, Kenneth Ayers possessed and maintained a handgun and ammunition in his assigned UPS semi-truck." *Id.* Plaintiff alleges that Ayers was mentally unstable and that he "exhibited his mental instability" with "behavior that would cause an ordinary, reasonable employer to believe that he was potentially violent or dangerous to himself and others." *Id.* at ¶ 9.

On May 12, 2020, Ayers fired his handgun from the cab of his truck while driving on I-5 and hit a vehicle driven by Christopher Levin Chamberlain and David Chamberlain. Compl. ¶ 10.

On May 20, 2020, Ayers fired his handgun from the cab of his truck while driving on I-5 at a car driven by Brandon Thompson, nearly hitting him. Compl. ¶ 11

On August 19, 2020, Plaintiff was driving in her car on I-5 in Jackson County when Ayers fired his handgun at Plaintiff from the cab of his UPS truck. Compl. ¶ 12. Plaintiff was struck and injured by Ayers's gunfire. *Id.*

## DISCUSSION

Plaintiff brings a claim for negligence against UPS directly and for the acts of Ayers based on respondeat superior. Specifically, Plaintiff alleges that UPS "failed

to use reasonable care and judgment" by (1) failing to supervise Ayers in the performance of his job; (2) failing to train Ayers; (3) failing to inspect Ayers for weapons at UPS facilities; (4) failing to recognize and act upon warning signs that Ayers was a danger to the public; (5) failing to recognize and act on warning signs that Ayers was not mentally fit for his employment; (6) failing to adequately screen and assess Ayers for propensity to become an active shooter; (7) failing to adopt or revise UPS policies for identifying UPS employees in mental health crises; (8) failing to ensure UPS personnel were trained and supervised in "recognizing individuals displaying disruptive or potentially disruptive behavior"; (9) failing to inspect Ayers's assigned truck for weapons; (10) failing to prevent Ayers from possessing a concealed handgun in violation of Oregon criminal statutes; (11) failing to follow UPS policies prohibiting truck drivers from carrying loaded weapons while driving; (12) failing to adopt or follow "UPS policy for employees having concealed handguns, ammunition, and weapons while on UPS facilities or while operating UPS vehicles,"; and (13) failing to adopt or update UPS policies for carrying loaded firearms at UPS facilities. Compl. ¶ 14.

Defendants move to dismiss Plaintiff's claims for direct negligence and respondeat superior. Defendants also move to strike several sections of Plaintiff's Complaint.

### I. Motion to Strike

As noted, Defendants seek to strike several paragraphs from Plaintiff's Complaint. Federal Rule of Civil Procedure 12(f) allows the court to strike from a

pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To be impertinent or immaterial, the allegations must not have any possible bearing on the controversy." *City of Tillamook v. Kennedy Jenks Consultants, Inc.*, 3:18-cv-02054-BR, 2019 WL 1639930, at *2 (D. Or. April 16, 2019). "The function of Rule 12(f) is not served when the motion would require the court to resolve disputed and substantial factual or legal issues." *Id.* (internal quotation marks and citation omitted, alterations normalized). Motions to strike are disfavored and infrequently granted. *Liberty Natural Prods., Inc. v. Hoffman*, 3:13-cv-00886-BR, 2017 WL 4855404, at *4 (D. Or. Oct. 26, 2017). "This is because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Baroness Small Estates, Inc. v. B.J.'s Restaurants, Inc.*, Case No. SACV 11-468-JST (Ex), 2011 WL 13228020, at *1 (C.D. Cal. Sept. 15, 2011) (internal quotation marks and citation omitted). "When considering a motion to strike, the court must view the pleadings in the light most favorable to the nonmoving party." *Liberty Nat. Prods.*, 2017 WL 4855404, at *5.

Defendants move to strike Paragraphs 4 and 5 of the Complaint, which discuss, in very general terms, UPS's hiring practices and policies related to employee health and wellness. Defendant moves to strike on the basis that these paragraphs are immaterial and impertinent. The Court notes, however, that Plaintiff has alleged that defects in the composition and enforcement of UPS policies with respect to Ayers contributed to Plaintiff's injury. The Court cannot conclude that allegations concerning those policies are immaterial to Plaintiff's claims.

Next, Defendants move to strike Paragraph 6 of the Complaint, which alleges that UPS is aware that its employees have engaged in "active shooter events" and that UPS is further aware of the need to screen and assess its employees to prevent such incidents. Defendants also move to strike Paragraph 7 of the Complaint, which lists several "active shooter" events involving UPS employees. As Plaintiff's claims concern such an "active shooter event" and allege a lack of vigilance on the part of Defendants, the Court concludes that these allegations are not immaterial or impertinent for purposes of Rule 12(f).

Defendants move to strike Paragraphs 10 and 11 which describe incidents in which Ayers shot at other motorists in the months before Ayers shot Plaintiff. However, Plaintiff alleges as part of her negligence claim that Defendants were or should have been aware that Ayers was shooting at motorists. The fact that Ayers had fired on other motorists prior to shooting Plaintiff is potentially material to that claim.

And finally, Defendants move to strike Paragraph 13, which alleges that Plaintiff had a legally protected interest in not being shot while driving on the highway. The allegations of Paragraph 13 are not immaterial to Plaintiff's negligence claim and Defendants' challenge to those allegations are better suited to their legal sufficiency than to their materiality or pertinence. Defendants' Motion to Strike is, therefore, DENIED.

## II.  Motion to Dismiss

Defendants move to dismiss Plaintiff's claim of negligence both as directly

alleged and under a respondeat superior theory of liability.

**A. Negligence**

"Traditionally, the elements of common-law negligence required a plaintiff to plead and prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach was the cause-in-fact of some legally cognizable damage to the plaintiff." *Chapman v. Mayfield*, 358 Or. 196, 205 (2015) (internal quotation marks and citation omitted, alterations normalized). However, the Oregon Supreme Court established in *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 10 (1987), that the traditional duty-breach analysis for Oregon negligence would be subsumed under the concept of general foreseeability. *Chapman*, 358 Or. at 205.

Under *Fazzolari*, a traditional application of duty remains relevant if the plaintiff "invoke[s] a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty." *Fazzolari*, 303 Or. at 17. Conversely, in cases where the parties do not enjoy a traditional duty relationship, the issue of liability "depends on whether [the defendant's conduct] unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." *Id*. "Despite that shift, causation-in-fact and the occurrence of legally cognizable harm (damage) remain as elements of any common-law negligence claim." *Chapman*, 358 Or. at 205. Thus, "when a claim for common-law negligence is premised on general principles of foreseeability, the plaintiff must plead and prove that the defendant's conduct created a foreseeable and unreasonable risk of legally cognizable

harm to the plaintiff and that the conduct in fact caused harm to the plaintiff." *Id*.

Here, Defendants challenge Plaintiff's claim on the basis of foreseeability. There is no status or relationship between the parties that creates a special duty and so the ordinary foreseeability analysis will apply. Foreseeability, which serves "as a limit on the scope of liability," considers "what prospectively might happen" and is separate from causation. *Fazzolari*, 303 Or. at 13. "It is not necessary that the risk of harm be more probable than not; rather, the question is whether a reasonable person considering the potential harms that might result from his or her conduct would have reasonably expected the injury to occur." *Chapman*, 358 Or. at 206 (internal quotation marks and citation omitted).

The allegations of negligence are complicated in this case by the fact that the direct cause of Plaintiff's injury was the criminal act of Defendants' employee, Ayers. In *Piazza v. Kellim*, 360 Or. 58 (2016), the Oregon Supreme Court clarified the foreseeability analysis required under Oregon law with respect to criminal acts of third parties. *Id*. at 69-82. When evaluating negligence claims arising from third party criminal acts, "there is a common requirement: a trier of fact must be able to find from concrete facts that a reasonable person in the position of the defendant reasonably would have foreseen that the person or location and circumstances poses a risk of criminal harm to persons such as the plaintiff." *Id*. at 81 (citations omitted). In making a foreseeability determination, a court should consider the following facts: (1) the similarity, frequency, and recency of prior criminal acts, (2) whether prior criminal acts were committed under the same and similar circumstances, (3) whether

prior criminal acts were committed at or near the same location, (4) whether prior criminal acts involve the same or similar types of victims, and (5) the place and character of the location of the current criminal act. *Id.* (citations omitted). However, "a plaintiff need not allege that defendants were aware of a risk of danger to plaintiff specifically." *D.B. v. IE Hotel Grp., LLC*, Case No. 3:22-cv-00432, 2023 WL 1444785, at *6 (D. Or. Feb. 1, 2023). "Rather, a plaintiff need only allege that defendants were aware of the risk of danger to persons *such as* the plaintiff." *Id.* (emphasis in original).

In this case, Plaintiff's allegations of negligence rely in part on a history of "active shooter" events involving UPS employees. These incidents, as described in the Complaint, are not similar in kind to Ayers's crimes other than that they involved guns and some of them involved shootings. Compl. ¶ 7. They did not occur near where Ayers shot Plaintiff and they did not involve similar victims.

Plaintiff's claim of negligence also rests, in part, on the allegation that Ayers had fired at other motorists prior to shooting Plaintiff. Compl. ¶¶ 10, 11. Plaintiff alleges that "UPS had notice of, or should have been aware, that its employee Kenneth Ayers was shooting at cars on the interstate prior to Kenneth Ayers shooting at Plaintiff." *Id.* at ¶ 15. This allegation is conclusory, as Plaintiff does not allege facts supporting the contention that UPS was aware that Ayers was firing at motorists in the months prior to shooting Plaintiff.

Plaintiff also alleges that "UPS knew or should have known that Kenneth Ayers was mentally unstable" and that "he exhibited his mental instability prior to May 2020," which would "cause an ordinary reasonable employer to believe that he

Page 9 –OPINION & ORDER

was potentially violent or dangerous to himself and others." Compl. ¶ 9. Plaintiff further alleges that Defendants failed "to recognize and act upon warning signs that Kenneth Ayers was a danger to the public" and "was not mentally fit for his employment." *Id.* at ¶¶ 14(d), (e). The Complaint is otherwise devoid of allegations about Ayers's conduct prior to the shootings that would have alerted Defendants to Ayers's mental instability, his unfitness for employment, or the possibility that he might be a danger to the public.

The Complaint is likewise devoid of alleged facts to support its conclusory allegations concerning failure to screen, supervise, or train Ayers. Compl. ¶¶ 14(a), (b), (f). And Plaintiff's allegations concerning UPS policies are also conclusory, alleging both that Defendants failed to follow UPS policies forbidding drivers from carrying loaded weapons while driving, *Id.* at ¶ 14(k), and that they failed to adopt policies to prevent drivers from carrying loaded weapons, *Id.* at ¶ 14(l), but the Complaint does not include facts supporting either allegation.

In sum, the Court concludes that the Complaint fails to state a claim for negligence as pleaded, but that the deficiencies might be remedied by the inclusion of additional facts. The Court will therefore dismiss the claim with leave to amend.

### B. Respondeat Superior

Plaintiff also alleges that Defendants are liable for Ayers's acts under a theory of respondeat superior. "Under the doctrine of *respondeat superior*, an employer is liable for an employee's tort when the employee acts within the course and scope of employment." *Minnis v. Oregon Mut. Ins. Co.*, 334 Or. 191, 201 (2002) (emphasis

omitted). An employee acts within the course and scope of his employment when three requirements are satisfied: (1) the act occurs substantially within the time and space limits authorized by the employment; (2) the employee was motivated, at least in part, by a purpose to serve and benefit the employer; and (3) the act is of a kind that the employee was hired to perform. *Id.* This analysis focuses on whether the allegedly tortious act was the outgrowth of the exercise of the employee's duties. *Harris v. Pameco Corp.*, 170 Or. App. 164, 173 (2000). "Whether an employee has acted within the scope of employment at any given time generally is a question for the trier of fact, except in cases where only one reasonable conclusion may be drawn from the facts pled." *Fearing v. Bucher*, 328 Or. 367, 374 (1999).

Here, Plaintiff has alleged that Ayers was driving a UPS truck on his assigned route when he shot Plaintiff, Compl. ¶¶ 8, 12, but with respect to the other factors Plaintiff offers only the conclusory allegation that Ayers "was acting within the course and scope of his employment." *Id.* at ¶¶ 8, 10, 11, 12. This falls short of federal pleading standards. The Court therefore grants Defendants' motion with respect to the allegation of respondeat superior liability. The Court concludes, however, that this defects with this theory of liability might be remedied by the inclusion of additional facts and so dismissal shall be with leave to amend.

## Conclusion

For the reasons set forth above, Defendants' Motion, ECF No. 14, is GRANTED in part and DENIED in part. Defendants' Motion to Strike is DENIED and Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims for negligence

and respondeat superior liability.  Because the deficiencies in the Complaint may be remedied by the allegation of additional facts, dismissal shall be with leave to amend and Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

It is so ORDERED and DATED this ___5th___ day of May 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge

Page 12 –OPINION & ORDER